PATRICK KERWIN, plaintiff in error, vs. JAMES & CUMMINGS, defendants in error.

Where Kerwin rented the premises of Cummings by the month, commencing on the 7th of May, with the understanding that he would keep them until October, and the agent of Cummings, who made the contract, testified that the renting was only to the 1st of October, but

there was also evidence, to-wit: the regular receipt of the rent, monthly, on the 7th of the month, that the renting was until the 7th of October:

*Held,* That whether the renting was to the 1st or the 7th of October, was a question of fact for the jury, and they having found for the plaintiff, and the Court below having refused a new trial, this Court will not, under the facts as they appear in the record, disturb the judgment.

New Trial. Before Judge COLE. Bibb Superior Court October Term, 1870.

On the 3d of October, 1870, James & Cummings sued out a warrant against Kerwin, as their tenant, holding beyond his term. He filed his affidavit that his term had not expired. On the trial, one of the plaintiffs testified that he authorized one Whippler to rent the premises till the 1st of October, 1870, at $10 00 per month. Whippler testified that on the 7th of May, 1870, he rented the premises to defendant at $10 00 per month, and that after the contract was closed, he remarked to defendant, "I suppose you will keep it until October?" and he said, "Certainly." He collected the rent monthly, on the 7th of each month. When he collected rent on the 7th of September, defendant said, "What about the rent for next year?" and he replied that, as long as he controlled the house, he could have it. A few days afterwards, plaintiffs told Whippler that they had sold the house and he would have nothing to do with it after the 1st of October, and he told defendant that his agency expired on the 1st of October. The defendant offered to pay the rent up to the 7th of October, if Whippler would give him a receipt up to that date, but he would not. There was no agreement as to the rent for the fractional part of the month, but the renting was by the month, to end on the 1st of October, 1870. The defendant testified substantially as did Whippler, but claimed that by the first contract his renting was to expire on the 7th of a month, and that by the second contract, he had rented the premises for another year. And

Kerwin *vs.* Cummings.

he introduced a witness to give aid to those positions, by detailing conversations between the parties. He put in, also, his receipts for rent up to the 7th of September, 1870. Each was for " one month's rent, $10 00," and each was dated on the 7th of the month when the payment was made. The jury found for plaintiffs. Defendant moved for a new trial upon the grounds that the verdict was contrary to law and strongly and decidedly against the weight of the evidence. The Court refused a new trial, and that is assigned as error.

LYON, DEGRAFFENRIED & IRVIN, for plaintiff in error.

A. W. PERSONS; A. O. BACON, for defendant.

McCAY, Judge.

This case turns wholly on the evidence. If the renting was only till the 1st of October, the finding is right; if till the 7th, it is wrong. We incline to think that the weight of the evidence is against the verdict, but there is clearly evidence on the other side. Mr. Whippler testifies, positively, that the tenantcy was, by the bargain, to expire on the 1st of October. Perhaps the jury gave more weight to this statement, than they did to the statements of the other witnesses. This it was their right to do, especially as the others were parties and this witness had no interest. As we have so often said, the jury is the tribunal to determine the facts; and unless their decision be such as to show passion, mistake, prejudice or misconception, if the Judge below refuses to interfere, it must be a peculiar case to justify this Court in doing so.

Judgment affirmed.